Deborah J. BANTA, Plaintiff–Appellant,

v.

EMPLOYMENT SECURITY DEPARTMENT OF THE STATE OF WASHINGTON; et al., Defendants–Appellees.

No. 04–35924.

United States Court of Appeals, Ninth Circuit.

Submitted May 15, 2006.*

Decided May 19, 2006.

Deborah J. Banta, Vashon, WA, pro se.

Catherine Hendricks, Esq., Clayton G. Ramsey, Esq., Office of the Washington Attorney General, Erika Uhl, Assistant Attorney General, Forsberg & Umlauf, Seattle, WA, for Defendants–Appellees.

Before: B. FLETCHER, TROTT, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Deborah J. Banta appeals pro se from the district court's judgment dismissing her claims that factual findings in a Washington state administrative law judge's ruling violated, inter alia, her federal constitutional and statutory rights. We have jurisdiction pursuant to 28 U.S.C. § 1291. Reviewing de novo, *Romano v. Bible,* 169

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Banta's motion for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

**740**

F.3d 1182, 1185 (9th Cir.1999), we affirm because the defendants' immunities are fairly supported by the record. *See id.*

The State defendants claim Eleventh Amendment immunity. Although this immunity was not pleaded in the district court, we conclude that it has not been waived, as the contents of the defendants' motion to dismiss do not indicate an election to defend on the merits or constitute a tactic to delay asserting immunity. *See Arizona v. Bliemeister (In re Bliemeister),* 296 F.3d 858, 862 (9th Cir.2002).

We also affirm the district court with respect to the individual defendants, because these defendants are entitled to absolute immunity. *See Fry v. Melaragno,* 939 F.2d 832, 835 (9th Cir.1991) (exercising discretion to address absolute immunity for the first time on appeal). Banta's allegations against the attorney general and her assistant "are based solely upon the attorneys' official conduct representing the government in the litigation," and the individual defendants thus "fall within the class of government officials whose connection with the judicial process entitles them to absolute immunity." *Id.* at 836.

Banta's remaining contentions are unpersuasive.

**AFFIRMED.**